# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| ERIC WIGGINS | ) | Case No. 3:21MJ350 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

FILED
RICHARD W. NAGEL
CLERK OF COURT
9/22/21
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 20, 2021__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1)&(b)(1)(A) | possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance |
| 18 USC s. 924(c) | possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

See Attached Affidavit of Ryan Fergot

☑ Continued on the attached sheet.

*Ryan Fergot*
Complainant's signature

Ryan Fergot, SA of the DEA
Printed name and title

Sworn to before me and signed in my presence.   Via FaceTime

Date: 9/22/21

City and state:   Dayton, Ohio

*Sharon L. Ovington*
Sharon L. Ovington., US Magistrate Judge
Printed name and title

# AFFIDAVIT

Now comes Ryan M. Fergot, Special Agent, Drug Enforcement Administration ("DEA"), being duly sworn, deposes and states the following.

1. I am an "Investigative or Law Enforcement Officer" of the DEA within the meaning of Title 21, United States Code, Section 878. Therefore, I am empowered by law to conduct investigations of, and to make arrests for offenses enumerated in Title 21 of the United States Code.

    1. I am an employee of the Drug Enforcement Administration assigned to the Dayton Resident Office. I have been employed with DEA since September of 2018. I attended and graduated from the basic agent training course in Quantico, Virginia. Prior to this, I was a sworn police officer for four years in Appleton, Wisconsin. I have received extensive training in the investigation of narcotics/drug traffickers from the Fox Valley Technical College Police Academy, Drug Enforcement Administration, and ongoing in-service training.

    2. As a Special Agent for the Drug Enforcement Administration, Affiant is charged with the duty of enforcing the Controlled Substance Act, Title 21, United States Code, together with other assigned duties as imposed by federal law.

    3. By virtue of Affiant's employment with the DEA, he performs and has performed various tasks which include, but are not limited to:

        (a) Functioning as an undercover agent for the primary purpose of obtaining intelligence on drug trafficking and the inner working of drug organizations;

        (b) Functioning as a surveillance agent for the primary purpose of observing and movements of drug traffickers and those suspected of trafficking in drugs;

        (c) Functioning as a case agent which entails the supervision of specific aspects of drug investigations;

        (d) The tracing and tracking of monies and assets gained by drug traffickers from the illegal sale of drugs.

    4. As detailed below, I believe that there is probable cause to believe that ERIC WIGGINS has violated 21 USC s. 841(a)(1) & (b)(1)(A) (possession with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance); and 18 USC s. 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

5. As a result of Affiant's personal participation in the investigation of matters referred to in this affidavit together with information contained in law enforcement reports of investigation, and other information made available to me by other law enforcement officials, Affiant is familiar with the facts and circumstances of this investigation. This affidavit does not detail every fact known to the Affiant, rather, only sets forth information necessary to establish probable cause. As a result, Affiant has determined the following:

6. The United States, including the Drug Enforcement Administration Dayton Resident Office, is conducting a criminal investigation of Eric Wiggins (hereinafter referred to as WIGGINS), and others concerning potential violations of federal drug trafficking laws.

7. On or about July 20, 2021, while conducting surveillance on a recent drug complaint in the 900 block of Windsor Avenue, Dayton Police Department Narcotics Detectives ("DPD") observed a male, later identified as Eric L. WIGGINS, exit the front entrance door to 918 Windsor Avenue. (918 Windsor Avenue was a part of a double unit/duplex; the adjacent unit was 920 Windsor). WIGGINS was wearing a brown backpack and was locking the wrought iron door with a set of keys.

8. Shortly after, DPD observed another male park in front of 918 Windsor Avenue in a grey Dodge truck. WIGGINS approached the male in the Dodge truck and was handed two plastic shopping bags by the unknown male. Both bags appeared to be full, as DPD could see a large bulge in the bottom of them as WIGGINS walked away from the male. The male in the Dodge truck left and continued southbound on Windsor Avenue before making a left-hand turn to travel eastbound onto Superior Avenue.

9. WIGGINS immediately walked away from the Dodge truck and got into the driver's seat of a Honda Odyssey (hereinafter referred to as Odyssey) parked on the street. WIGGINS pulled away from the curb and failed to signal onto West Grand Avenue. DPD asked over the radio for assistance with a traffic stop, and Officers Michael C. Beane and Steven P. Lloyd informed they were in the area. DPD maintained surveillance of WIGGINS until Officers Beane and Lloyd could conduct a traffic stop. DPD observed additional traffic infractions for a signal violation at Wawona Road and Philadelphia Drive, along with a violation of failing to stop prior to the stop bar at Philadelphia Drive and Salem Avenue. A records check on a law enforcement database revealed the Odyssey is registered to Eric L. WIGGINS at 20 Salisbury Drive, Dayton, Ohio.

10. Officers Beane and Lloyd were able to conduct a traffic stop on WIGGINS at Markey Road near Park End Drive. Officer Beane approached the driver's side and contacted WIGGINS. Officer Lloyd approached the passenger side and could smell marijuana emanating from the vehicle. Officer Beane asked WIGGINS for his driver's license, and WIGGINS provided Officer Beane with his passport.

Officer Lloyd indicated that WIGGINS appeared to be nervous, and he observed WIGGINS shaking while speaking with the officers, as both of his hands were shaking and would not remain still. WIGGINS then told the officers that they would smell weed in the vehicle, and that he had been smoking weed. Upon observing WIGGINS' nervous behavior, Officer Lloyd asked that he step out of the vehicle. Officer Beane patted WIGGINS down for officer safety, and immediately felt a handgun in WIGGINS shorts. WIGGINS was placed into handcuffs for officer safety and told the officers he had a gun. Officer Lloyd asked WIGGINS why he didn't tell them he had a firearm, and he stated he did not think they would ask him to get out of the car. The firearm recovered from WIGGINS was a loaded Springfield Armory handgun. Based on my training and experience, I know that drug traffickers carrying firearms to protect themselves, their drugs, and the proceeds of their illegal sales.

11. WIGGINS was placed under arrest for having weapons while under disability and escorted to the backseat of the officer's cruiser. Officer Randy P. Betsinger along with his canine "Hugo" responded to conduct a free-air sniff of the Odyssey. Hugo, a 3-year-old German Shepherd, is certified by the Ohio Peace Officers Training Academy in narcotics detection. His imprinted odors are for marijuana, heroin, cocaine, methamphetamine, and their derivatives. Hugo, handled by Officer Betsinger, gave a positive alert on the Odyssey. Based on the alert, Officer Betsinger concluded that the odor of one of the drugs that canine Hugo is trained and certified to detect was present.

12. Officers Beane and Lloyd conducted a search of the Odyssey. When opening the driver door, they could see a marijuana cigarette on the floorboard. The officers observed two plastic grocery bags and a brown bag on the passenger side of the vehicle. All three bags contained a large amount of currency. The money recovered was later taken to Fifth Third Bank and counted to be $113,885. The gun recovered from this incident was tagged into the Dayton Police property room.

13. DPD read WIGGINS his Miranda warnings from a card provided by the City of Dayton Prosecutors Office. WIGGINS agreed to speak without a lawyer present. WIGGINS stated he owned the property at 918 Windsor Avenue when DPD saw him leave there. DPD asked him if there was anything else inside the house, and WIGGINS stated that there was a little bit of marijuana inside the house. WIGGINS clarified his statement by saying approximately four to five pounds of marijuana was inside the house.

14. As part of this investigation, DPD obtained a search warrant for 918 Windsor Avenue, Dayton, Ohio 45402-5750. The search warrant was signed by the Honorable Dayton Municipal Court Judge Carl S. Henderson on July 20, at 5:07 PM.

15. On July 20, 2021, at 6:05 PM, the Dayton Police Department – Narcotics Bureau served the search warrant at 918 Windsor Avenue.  A search of 918 Windsor Avenue was conducted by DPD.  Drug manufacturing equipment, kilogram wrappers, a handgun, 4 vacuum sealed bags with marihuana, 6 large bags of marihuana, suspected fentanyl, large digital scale and a respirator mask were just some of the items recovered.

16. That same day, officers also obtained a search warrant for the second half of the duplex – namely, 920 Windsor Avenue.  Upon searching that unit, officers discovered over 5 kilograms of cocaine stored within this otherwise vacant residence.

17. Law enforcement Mirandized WIGGINS, and he agreed to speak with officers.  During the interview, WIGGINS admitted that he owned the drugs – the kilograms of cocaine and the pounds of marijuana – found in 918 and 920 Windsor.

18. Based on the aforementioned, I respectfully request that the Court issue a criminal complaint against, and arrest warrant for, **Eric WIGGINS** for violations of 21 USC s. 841(a)(1) & (b)(1)(A) (possession with intent to distribute 5 kilograms or more of cocaine, a Schedule II controlled substance); and 18 USC s. 924(c) (possession of a firearm in furtherance of a drug trafficking crime).

*Ryan Fergot*
_____
**Ryan M Fergot, Special Agent**
**Drug Enforcement Administration**

                                                                22nd
**Subscribed and sworn to before me this    day of September 2021**

_____
Sharon L. Ovington
United States Magistrate Judge