# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:22-cr-00025
                                                 Case No. 3:23-cv-235

                                                 District Judge Walter H. Rice
-  vs  -                                  Magistrate Judge Michael R. Merz

ERIC WIGGINS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

      This is an action on a Motion to Vacate under 28 U.S.C. § 2255, brought *pro se* by Defendant Eric Wiggins (ECF No. 46). The Motion was referred to the undersigned by District Judge Walter Rice (ECF No. 49); the reference conforms to Amended General Order No. 22-05. Ordered to do so (ECF No. 50), the United States has filed a Response in Opposition (ECF No. 53). In the Order for Answer, the Court set a reply deadline of twenty-one days after the Response in Opposition, but Defendant has not filed a reply and has not kept the Court informed of a current address. The Motion to Vacate is therefore ripe for decision.

      The Motion pleads the following grounds for relief:

      **Ground One:** Denial of Right of Appeal

      **Supporting Facts:** My attorney Martin S. Pinales advised me in court that I could not appeal and he has also sent me [an] email

1

stating I cannot file an appeal which I'm in position [sic; assume "possession" is intended] of.

**Ground Two**: Denial of Effective Assistance of Counsel

**Supporting Facts:** My attorney told me that I would definitely get my jewelry returned back to me and I even provided receipts showing that I owned the watch which was purchased on a credit card for 3 ½ to 4 years. Also the gold and diamond Ankh [sp?] which was gifted [sic] to me by my now deceased wife in 2015 way before I was investigated or charged with the current violation. Therefore my jewelry should not have been allowed to be forfeited as substitute assets.

**Ground Three:** Conviction obtained by use of evidence gained pursuant to unconstitutional search and seizure.

**Supporting Facts:** The traffic stop on 7-20-21 did not warrant a search nor was [it] a valid traffic stop. For a red light violation to occur, the back tires of the vehicle must go past the crosswalk line and only a portion of my front tires crossed the line. I provided my license, insurance proof, and registration. Therefore a ticket was all that was warranted.

**Ground Four:** Conviction obtained by use of evidence obtained pursuant to unlawful arrest.

**Supporting Facts:** I was arrested on 7-20-21 after being pulled over for a bogus traffic stop and my jewelry was taken off of my person as well as my money.

(Motion, ECF No. 46, PageID 263-64).

# Analysis

**Ground One:  Denial of Right to Appeal**

In his First Ground for Relief, Defendant claims he was denied his right to appeal.  As the United States Attorney points out, this claim is definitively disproven by the Declaration of Defendant's trial Attorney, Martin Pinales.  Mr. Pinales declares under oath that, after Judge Rice advised Defendant of his appeal rights, he conferred with Attorney Pinales and said he did not wish to appeal. Only after Defendant voluntarily surrendered to federal prison did he raised the question of an appeal.  Attorney Pinales had an associate attorney advise Defendant that the time for appealing had expired and he was barred from doing so, thus confirming the existence of an email to that effect.

While a federal criminal defendant does indeed have the right to a direct appeal to the circuit court of appeals, that right is time-limited; it expires fourteen days after entry of judgment. Fed. R. App. P. 4.  Because Defendant did not decide to exercise his right to appeal until after that right had expired, he has no valid claim of denial of the right.  Ground One should be dismissed with prejudice.

**Ground Two:  Ineffective Assistance of Counsel Regarding Jewelry**

In his Second Ground for Relief, Defendant complains of ineffective assistance of trial counsel, asserting Attorney Pinales told him he would get his jewelry back.  He makes no assertion of when this conversation allegedly occurred with Attorney Pinales.  Certainly as of the time he

entered his plea of guilty he knew at least some of his jewelry was going to be administratively forfeited because he consented to the forfeiture.  There is also a serious question as to whether Ground Two states a claim for relief under 28 U.S.C. § 2255.  While a criminal defendant is entitled under the Sixth Amendment to the effective assistance of counsel in defending himself against criminal charges, no provision of the Constitution guarantees a person the effective assistance of counsel in defending against the administrative forfeiture of personal property.  Accordingly, Ground Two should be dismissed.

**Ground Three:  Conviction Obtained with Evidence Unconstitutionally Seized**

In his Third Ground for Relief, Defendant claims that the traffic stop which resulted in his being charged was an unlawful stop under the Fourth Amendment.  As the United States points out in its Response, Defendant has procedurally defaulted on this claim by never filing a motion to suppress the evidence, but instead pleading guilty.  Moreover, a Fourth Amendment claim such as this one is not cognizable on a § 2255 motion.  *Stone v. Powell,* 428 U.S. 465 (1976).  *Stone* applies to Fourth Amendment claims brought in § 2255 motions. *Ray v. United States*, 721 F.3d 758, 761-762(6th Cir. 2013).  Ground Three should also be dismissed with prejudice.

**Ground Four:  Conviction Obtained by Use of Unconstitutionally Seized Evidence**

Defendant's Fourth Ground for Relief should be dismissed with prejudice on the same basis as Ground Three.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

March 28, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge